## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Vincent F. Kilborn, III, P.C. | * |
| Plaintiff, | * |
| vs. | * Case No.: 1:15-cv-00633 |
| United States Department of Health and Human Services ("DHHS") and Centers for Medicare and Medicaid Services ("CMS"), | * |
| Defendants. | * |

## COMPLAINT

**COMES NOW** Plaintiff Vincent F. Kilborn, III, P.C. ("Plaintiff") and files this action against the United States Department of Health and Human Services and Centers for Medicare and Medicaid Services (collectively "Defendants") pursuant to the Freedom on Information Act, 5 U.S.C. § 552 ("FOIA"). As set forth below, Defendants have violated FOIA by failing to fully respond to an information request originally sent on March 17, 2014. Therefore, Plaintiff seeks an Order from this Court (1) finding that the Defendants have violated their duties under FOIA, (2) requiring the Defendants to promptly produce the complete records responsive to the FOIA request; and (3) awarding to Plaintiff attorneys' fees and costs associated with this action.

### Parties

1. Plaintiff Vincent F. Kilborn, III, P.C. is a professional corporation with its principal office located in Mobile, Alabama.

2. Defendant United States Department of Health and Human Services is a Department

of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. *§* 552 (f) with its headquarters in Washington, D.C.

3. Defendant Centers for Medicare and Medicaid Services is a component of the United States Department of Health and Human Services and is itself an agency of the United States within the Meaning of 5 U.S.C. *§* 552 (f) with its headquarters in Baltimore, MD.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action under 5 U.S.C. *§* 552 (a)(4)(B) (providing that "the district court of the United States in the district in which the complainant resides, or has his principal place of business . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."). This Court also has jurisdiction over this action under 28 U.S.C. *§* 1331 (federal question jurisdiction).

5. Venue is proper in this forum pursuant to 5 U.S.C. *§* 552 (a)(4)(B).

### Legal Background

6. FOIA provides that "each agency, upon any request for records [that] (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. *§* 552 (a)(3)(A).

7. FOIA further provides that "[e]ach agency, upon request for records . . . shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and the right of such person to

appeal to the head of the agency any adverse determine[.]" 5 U.S.C. § 552 (a)(6)(A)(i).

8. FOIA requires each agency to produce all information responsive to a request unless the information qualifies for one of the nine enumerated exemptions under FOIA. See 5 U.S.C. § 552(b)(1)-(9). However, FOIA and case law clearly provide that "the burden is on the agency to sustain its action" to withhold records pursuant to a FOIA exemption. Id. § 552(a)(4)(B); see also Department of State v. Ray, 502 U.S. 165, 173 (1991) (explaining that it is the agency's burden "to justify the withholding of any requested documents").

9. If an agency determines that a responsive record contains information that is exempt from mandatory disclosure under one of the enumerated FOIA exemptions, FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt" and that "[i]f technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made." 5 U.S.C. § 552(b).

10. FOIA further provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph"). 5 U.S.C. § 552(a)(6)(C)(i).

11. DHHS implementing regulations specify that all DHHS component agencies "will decide whether to release records within 10 working days after [an information] request reaches the appropriate FOI office[.]" 45 C.F.R. § 5.35(2)(1).

**Factual Background**

12. On March 17, 2014, Plaintiff's former co-counsel, Robert Hedge with Hedge Law

Firm, P.C., submitted to the Regional FOIA Coordinator CMS, Atlanta Regional Office a FOIA request seeking records relating to the Department of Health and Human Services and Centers for Medicare and Medicaid Services' investigation or survey completed on June 26, 2013 regarding Mobile Infirmary Medical Center located in Mobile, Alabama (Exhibit A).

13. On April 21, 2014 the Department of Health and Human Services Centers for Medicare and Medicaid Services Information Disclosure Analyst provided documents to Plaintiff responsive to the March 14, 2014 FOIA request noting that **there existed responsive records not within their authority to release and that a Plaintiff's request would be forwarded to Michael Marquis, the Director of the Division of Freedom of Information and Privacy in Baltimore, MD for a release determination**. (Exhibit B).

14. Plaintiff, after receiving no response from Mr. Marquis, corresponded on December 16, 2014 (nearly eight months later) requesting the remainder of the information and pointing out that the information sought is imperative to a case Plaintiff is handling. (Exhibit C).

15. After still receiving no response from Mr. Marquis (now over a year later), Plaintiff corresponded on June 11, 2015, requesting the remainder of the information. (Exhibit D).

16. In the months following receipt of the April 21, 2014 letter (Exhibit B), Plaintiff's office attempted to reach Mr. Marquis by telephone leaving messages that were unreturned.

17. The Defendants' failure to comply with FOIA's mandatory deadlines constituted an exhaustion of Plaintiff's administrative remedies.

18. The Defendants' failure to provide the complete response to Plaintiff's FOIA request constitutes "constructive" denial under 45 C.F.R § 5.35(a).

**Plaintiff's Claims for Relief**

1. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

2. Defendants have unlawfully ignored Plaintiff's FOIA request and are unlawfully withholding public information responsive thereto.

3. Defendants have not identified the records it withholds in further violation of FOIA.

4. Defendants have failed to comply with FOIA by not establishing the applicability of any FOIA exemption or other legal basis for withholding responsive records.

5. Defendants have failed to provide reasonably segregable portions of documents in further violation of FOIA.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendants to immediately provide the remainder of the documents pursuant to Plaintiff's original request.

2. To the extent the Defendants determine one or more responsive records contain information that is exempt from disclosure under FOIA, order Defendants to provide to Plaintiff an index describing in detail any records or portions thereof being withheld, along with the specific basis for withholding associated with each such record or portion thereof.

3. Award to Plaintiff attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Award any further relief the Court deems just and proper.

Dated this the 15th day of December, 2015.

/s/Vincent F. Kilborn, III
VINCENT F. KILBORN III (KILBV4483)
DAVID A. McDONALD (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
Post Office Box 66710
Mobile, Alabama  36660
Telephone:  (251) 479-9010
Fax:          (251) 479-6747

**ATTORNEYS FOR THE PLAINTIFF**

**The defendants are to be served by certified mail as follows:**

United States Department of Health and Human Services
200 Independence Ave., S.W.
Washington, D.C.  20201

Centers for Medicare and Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244

United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, AL 36602

Honorable Loretta E. Lynch
Attorney General for the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001