IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT F. KILBORN, III, P.C.,<br><br>       Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br><br>       Defendant. | CIVIL ACTION NO.<br><br>1:15-cv-00633 |

## DEFENDANT'S ANSWER

COMES NOW Defendant, the Department of Health and Human Services (HHS), by and through its counsel, Kenyen R. Brown, United States Attorney for the Southern District of Alabama, and answers the complaint.

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's action because Defendant has not improperly withheld any records. *See* 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiff would not be entitled to attorney fees even if it were to prevail.

## FOURTH DEFENSE

Defendant further answers Plaintiff's complaint by answering the specific allegations contained in the complaint, utilizing the same paragraph references as Plaintiff, as follows:

The introductory paragraph of the complaint contains Plaintiff's characterization of this lawsuit and claims for relief to which no answer is required. To the extent that any response is deemed necessary, Defendant denies the allegations.

1. Defendant admits that the plaintiff is Vincent F. Kilborn, III, P.C. but lacks knowledge or information sufficient to form a belief as to the remainder of paragraph 1, and therefore Defendant denies same.

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3, except to deny that the Centers for Medicare and Medicaid Services (CMS) is itself an agency of the United States within the meaning of 5 U.S.C. §552(f) and denies that CMS is a proper party defendant.

4. Paragraph 4 contains Plaintiff's jurisdictional allegations to which no answer is required. To the extent any response is deemed necessary, Defendant

denies the assertions.

5. Paragraph 5 contains Plaintiff's venue allegations to which no answer is required. To the extent any response is deemed necessary, Defendant denies the assertion.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the text of the statute cited for a complete and accurate description of its contents.

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the text of the statute cited for a complete and accurate description of its contents.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the text of the statute cited and to the text of the case law cited for a complete and accurate description of that content.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the text of the statute cited for a complete and accurate description of its contents.

10. Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the text of the statute cited for a complete and accurate description of its contents.

11. Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the text of the regulation cited for a complete and accurate description of its contents.

12. Defendant admits paragraph 12, except that Defendant lacks knowledge or information sufficient to form a belief as to whether or not Mr. Hedge was Plaintiff's former co-counsel and whether or not Mr. Hedge actually submitted the FOIA request dated March 17, 2014, on that date, and therefore Defendant denies same.

13. Defendant admits paragraph 13, except to deny that the disclosure analyst stated the remaining records "would be" forwarded.  Defendant respectfully refers the Court to the text of the document attached to the complaint as Exhibit 1-2 or Exhibit B for a complete and accurate description of the letter's contents**.**

14. Defendant admits paragraph 14, except that Defendant lacks knowledge or information sufficient to form a belief as to whether or not the information

requested is "imperative" and as to whether or not Plaintiff received a response from Mr. Marquis, and therefore Defendant denies same.

15. Defendant admits paragraph 15, except that Defendant lacks knowledge or information sufficient to form a belief as to whether or not Plaintiff received a response from Mr. Marquis, and therefore Defendant denies same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of paragraph 16 and therefore denies same.

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the assertions contained therein.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the assertions contained therein.

Paragraph 1 of Plaintiff's Claims for Relief is a restatement of complaint paragraphs 1 through 18, to which no additional response is required. To the extent a response is deemed to be required, Defendant respectfully refers the Court to its prior responses.

Paragraphs 2 through 5 of Plaintiff's Claims for Relief, contain conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant denies the claims.

The remainder of the complaint contains Plaintiff's Prayer for Relief to which no response is required. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Except as expressly set forth herein, the allegations in Plaintiff's complaint are specifically denied.

WHEREFORE, having fully answered, Defendant prays that the Court dismiss this action, with costs charged to Plaintiff, and afford such other relief as the Court deems equitable and proper.

Respectfully submitted,

OF COUNSEL:

William B. Schultz
General Counsel

Dana Petti
Chief Counsel, Region IV

Melinda McKinnon
Assistant Regional Counsel
U.S. Department of
   Health and Human
   Services

Kenyen R. Brown
United States Attorney

/s/ Steven Butler
First Assistant U.S Attorney
63 South Royal Street, Suite 600
Mobile, AL 36602
(251) 415-7102

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2016, I electronically filed the foregoing DEFENDANT'S ANSWER with the Clerk of the Court using the CM/ECF system which will send notice of the above to Plaintiff's attorneys of record as follows:

    Vincent F. Kilborn III
    David A. McDonald
    KILBORN, ROEBUCK & MCDONALD
    Post Office Box 66710
    Mobile, Alabama 36660

                                        /s/ Steven Butler
                                        First Assistant U.S Attorney
                                        63 South Royal Street, Suite 600
                                        Mobile, AL 36602
                                        (251) 415-7102